UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | | |
|---|---|---|
| J.B., Student, by and through his parents, | * | |
| M.B. and Jo.B., | * | |
| | * | |
| Plaintiffs | * | NO. 4-16-cv-08 |
| vs. | * | |
| | * | JURY DEMANDED |
| BEDFORD COUNTY SCHOOLS | * | |
| | * | |
| Defendant. | * | |

## ANSWER

**NOW COMES** Bedford County Schools, by and through counsel, and, for answer to the Plaintiffs' Complaint alleging violation of Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act of 1973, pleads as follows:

## FIRST DEFENSE

The Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

With respect to the specifically enumerated paragraphs of the Plaintiffs' Complaint, this Defendant states as follows:

1. This Defendant admits these allegations.

2. This Defendant admits these allegations.

3. This Defendant acknowledges that this paragraph accurately describes the nature of this suit.

4. This Defendant admits these allegations.

5.      This Defendant admits these allegations but denies that the Plaintiffs are entitled to any damages.

6.      This Defendant admits that J.B. is disabled within the meaning of the ADA and Section 504.  This Defendant denies, however, that this paragraph of the Plaintiffs' Complaint accurately sets forth the statutory definition of "disability" within the meaning of the ADA and Section 504.

7.      This Defendant admits that M.B. participated in the education of her son and exercised her rights under the Individuals with Disabilities Education Act.  This Defendant denies the implied assertion that M.B. advocated for her son over and above participation in the ordinary development and implementation of various individual education plans as authorized by the IDEA.

8.      This Defendant denies these allegations and avers that J.B.'s parents moved him to Southside Primary School.  Reita Vaughn had served as the principal at that school for many years.

9.      This Defendant denies these allegations as stated.  This Defendant admits that Ms. Vaughn did ask the Shelbyville Police Department to send its ordinary "walk through" patrol earlier than normal in order for an officer to address J.B.'s disruptive behavior.  The Shelbyville Police Department sent officers to Southside Primary School on a daily basis as part of its effort to support the school's operations, to have a positive influence on student behavior, and to establish school security.

10.     This Defendant admits that Ms. Vaughn did not advise J.B.'s parents that she had asked for an earlier than usual walk through.  This Defendant additionally denies

that Ms. Vaughn's actions were discriminatory or retaliatory. To the contrary, this Defendant avers that Ms. Vaughn simply asked the police department to arrange an earlier than usual walk through in an effort to address J.B.'s behavior. Notably, the police officer's presence had an immediate calming effect upon J.B. as a consequence of which J.B. did in fact have "a good day" for the rest of the day.

11.     This Defendant denies these allegations as stated. This Defendant admits that Ms. Vaughn called the police department on the morning of October 9, 2014 and once again asked for an earlier than usual walk through to address J.B.'s unusually disruptive behavior. Since the officer's presence had had a calming effect on J.B. on October 8, 2014, Ms. Vaughn hoped that she would have the same result on this date as well.

12.     This Defendant generally admits these allegations but avers that Ms. Vaughn asked the teacher to call J.B.'s mother based upon J.B.'s extreme behavior. Specifically, J.B. had thrown classroom objects at classmates and the adults. He violently cursed the adults who were trying to calm him. He had not responded to the efforts of adults to moderate his behavior. Eventually, J.B. fled the classroom and attempted to flee from the school. These actions precipitated Ms. Vaughn's call to the police dispatch and her instruction that Ms. Young contact J.B.'s mother. This Defendant also avers that one of J.B.'s routine "escapes" was to pull his shirt over his head such that the situation described in Paragraph 12 of the Plaintiffs' Complaint was not unusual. This Defendant does admit that the Shelbyville Police Department's officer was standing nearby.

13.     This Defendant denies these allegations.

14.     This Defendant denies these allegations and specifically denies that Ms. Vaughn was deliberately indifferent to the needs of J.B. or that she was motivated by a desire to intimidate and punish the child and/or a desire to retaliate against the mother's so-called advocacy, of which Ms. Vaughn would have been unaware.  This Defendant also denies that Ms. Vaughn did anything contrary to the terms of J.B.'s Behavioral Intervention Plan inasmuch as the use of an officer's presence was significantly less restrictive than the use of physical restraints, which this Behavioral Intervention Plan authorized.

15.     This Defendant denies these allegations.

16.     This Defendant denies these allegations.

17.     This Defendant denies these allegations and avers that J.B.'s mother requested homebound services during the period of time she was working to establish a new medication regime for J.B.

18.     This Defendant admits that J.B. did return to school after the completion of his time on homebound.  This Defendant denies the implied assertion that J.B. was emotionally unable to return to Southside Primary School.  This Defendant additionally denies that the Plaintiffs, or any of them, suffered emotional harm and demand strict proof to the contrary.

19.     This Defendant denies these allegations.

20.     This Defendant denies these allegations.

21.     This Defendant denies these allegations.

22.     No response is required to this paragraph of the Plaintiffs' Complaint.

23.     This Defendant denies that it has violated Section 504 or Title II of the ADA.

24.     No response is required to this paragraph of the Plaintiffs' Complaint.

## THIRD DEFENSE

This Defendant denies that it has breached any duty owed to the Plaintiffs.

## FOURTH DEFENSE

With respect to any emotional harm the Plaintiffs claim to have suffered, this Defendant avers that any such alleged emotional harm is in fact the result of situations and conditions wholly unrelated to the events of October 8 and 9, 2014.  Indeed, this Defendant observes that J.B.'s situation was such that it naturally and continuously created emotional burdens for J.B. and his parents.

## FIFTH DEFENSE

This Defendant denies that Ms. Vaughn or any other employee of Bedford County Schools was deliberately indifferent to the needs of J.B. or the terms of J.B.'s Behavioral Improvement Plan.  In particular, this Defendant observes that the terms of the Behavioral Improvement Plan specifically authorized the use of restraints on J.B., implicitly acknowledging that he was prone to violent and destructive behavior.  Indeed, J.B.'s mother was well aware of J.B.'s behavior and had in fact come to the school and implemented corporal punishment on J.B. when he demonstrated behavior far less severe than he had on October 8 and 9, 2014.

Recognizing that J.B.'s Behavioral Improvement Plan authorized the use of physical restraints which are an extreme intervention for a child with autism who may not fully appreciate why he is being restrained, Ms. Vaughn rationally chose another intervention that was in line with another aspect of J.B.'s Behavioral Improvement Plan. Inasmuch as this Behavioral Improvement Plan incorporated "calls to the office" to secure the intervention of authority figures such as Ms. Vaughn and other responsible adults, Ms. Vaughn rationally decided to contact a police officer with the Shelbyville Police Department. Unlike elementary schools in the county, Southside Primary School does not have its own school resource officer. These services are provided on a "walk through" basis by officers from the Shelbyville Police Department. On October 8 and 9, 2014, Ms. Vaughn asked for officers to conduct their walk throughs earlier than normal in the hopes that they would have a calming effect on J.B.

## SIXTH DEFENSE

With respect to any allegations contained in the Plaintiffs' Complaint not previously admitted, explained or denied, these Defendants now deny the same and demand strict proof.

**WHEREFORE, PREMISES CONSIDERED**, this Defendant prays this Court to dismiss the Plaintiffs' Complaint, taxing costs accordingly.

Respectfully submitted,

LEITNER, WILLIAMS, DOOLEY & NAPOLITAN, PLLC

s/     D. Scott Bennett
     D. SCOTT BENNETT – TNBPR: 015988
     MARY C. DeCAMP – TNBPR:  027182
     *Attorneys for Defendant*
     200 West M.L. King Blvd., Suite 500
     Chattanooga, TN 37402
     Telephone: (423) 265-0214
     Telecopier: (423) 266-5490
     **scott.bennett@leitnerfirm.com**
     **mary.decamp@leitnerfirm.com**

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2016, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

     s/ D. Scott Bennett
     D. SCOTT BENNETT – TNBPR: 015988
     MARY C. DECAMP – TNBPR: 027182